CUNNINGHAM v. NILSON.

(Supreme Court, Appellate Term. January 2, 1903.)

1. HIGHWAYS—INJURY TO PEDESTRIANS—OBSTRUCTIONS—NEGLIGENCE—QUESTION FOR JURY.

Whether the placing and maintaining of a sign five feet wide and seven feet high, on the sidewalk, on its narrower end, leaning against a truck, unfastened to it in any way, its lower end being two feet therefrom, and no one being left to guard it, was, under the conditions of wind and weather prevailing, negligence, was a question for the jury.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Mary Cunningham against Eric Nilson. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and CLARKE and GREENBAUM, JJ.

Kneeland, La Fetra & Glaze (Edward B. La Fetra, of counsel), for appellant.

John E. Duffy, for respondent.

CLARKE, J. Plaintiff was walking along the sidewalk of Fifteenth street, near the corner of Broadway. Defendant was engaged in taking down from the wall of the said corner building a sign, and hanging a new one in its place. The old sign was five feet wide and seven feet high. It had been taken down and placed on the sidewalk on its narrower end, leaning against a truck drawn up against the curb of Fifteenth street with the horses heading west. The lower end of the sign was about two feet from the truck, and on the sidewalk, so that it stood at a slight angle. It was not fastened to the truck in any way. No one was left to watch or guard it. There was evidence as to the condition of wind and weather. The sign had stood in this position for about half an hour, when, as the plaintiff was passing, a sudden gust of wind blew it over upon her, knocking her down and causing the injuries complained of. The sidewalks of the city are primarily for the free and uninterrupted passage of pedestrians. An incidental use thereof by abutting owners and people serving them is lawful, within limitations of reasonableness and care. There is no question of contributory negligence in this case. Whether or not the placing and maintaining the sign at the place and in the manner and under the conditions of wind and weather prevailing at the time was or was not negligent was not a question of law for the court, but of fact for the jury, and that question should have been submitted to it under proper instructions.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.